**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4699**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TARVIS LEVITICUS DUNHAM,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:12-cr-00011-IMK-JSK-1)

_____

Submitted:  May 13, 2014                Decided:  May 28, 2014

_____

Before KING, DUNCAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Brandon S. Flower, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tarvis Leviticus Dunham was convicted, following a jury trial, of obstructing justice by retaliating against a witness, in violation of 18 U.S.C. § 1513(b)(1) (2012); two counts of assaulting, resisting, and impeding certain officers or employees, and causing physical injury, in violation of 18 U.S.C. § 111(a)(1), (b) (2012); and two counts of resisting and impeding certain officers and employees, in violation of 18 U.S.C. § 111(a)(1). Dunham, who at all relevant times was an inmate in the United States Penitentiary at Hazelton ("USP-Hazelton"), was sentenced to 240 months' imprisonment, to be served consecutive to the federal sentences he was already serving. This appeal timely followed.

Dunham raises two issue on appeal. He first asserts that the district court abused its discretion in denying his motion for a new trial based on the Government's failure to disclose that the Office of the Inspector General ("OIG") was investigating John Fitch, a corrections officer and Government witness, for smuggling contraband into USP-Hazelton. Dunham next claims the court abused its discretion by restricting defense counsel's cross-examination of Shawn Burchett, Special Investigative Agent at USP-Hazelton, regarding the prison's investigation into the charged offenses.

Our review of the transcript confirms that, in ruling on these issues, the district court applied the proper legal standards and did not clearly err in its evaluation of the evidence, see United States v. Delfino, 510 F.3d 468, 470 (4th Cir. 2007), and thus did not abuse its discretion. Accordingly, we affirm the judgment.

As to the first appellate issue, this court reviews the district court's denial of a Federal Rule of Criminal Procedure 33 motion for a new trial for abuse of discretion. United States v. Moore, 709 F.3d 287, 292 (4th Cir. 2013). To receive a new trial based on a Brady[1] violation, a defendant must "show that the undisclosed evidence was (1) favorable to him either because it is exculpatory, or because it is impeaching; (2) material to the defense, i.e., prejudice must have ensued; and (3) that the prosecution had [the] materials and failed to disclose them." United States v. Wilson, 624 F.3d 640, 661 (4th Cir. 2010) (internal quotation marks omitted). To establish that such favorable evidence is material, the defendant must show that, had the evidence been disclosed, there is a reasonable probability that the outcome of the proceeding would have been different. United States v. Caro, 597 F.3d 608, 619 (4th Cir. 2010).

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

The Government has conceded, both in this court and in the district court, that the evidence of OIG's investigation into Fitch's conduct satisfies the first prong of the inquiry, and that it failed to disclose this evidence. The real sticking point for Dunham is the materiality prong, and it was on this basis that the district court denied the motion as to all but one count of conviction.[2]

Having thoroughly reviewed the trial transcript, we agree with the district court that, "in light of the volume and nature of the evidence presented by the Government at trial, there is no appreciable possibility that the earlier disclosure of the Brady material would have had an effect on the ultimate outcome of the case." (J.A. 707-08).[3] Indeed, Fitch's testimony was cumulative and corroborative in every aspect. We thus affirm the denial of Dunham's motion for a new trial for the reasons set forth in the district court's order.

Dunham next maintains that the district court abused its discretion in restricting defense counsel's cross-

---

[2] The district court did conclude that impeachment of Fitch's testimony reasonably could have resulted in a different outcome on the one count of conviction that was predicated on Dunham's physical contact with Fitch. The court opted to vacate the jury's verdict and dismiss this count of conviction instead of conducting a new trial.

[3] Citations to the "J.A." refer to the joint appendix filed by the parties.

examination of Shawn Burchett regarding the scope of the prison's internal investigation into the incident underlying Dunham's prosecution. We disagree.

Pursuant to Federal Rule of Evidence 611(b), "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility. The court may allow inquiry into additional matters as if on direct examination." We review a district court's limitation on the scope of the cross-examination of a Government witness only for an abuse of discretion. United States v. Zayyad, 741 F.3d 452, 458 (4th Cir. 2014). In this context, the district court "possesses wide latitude to impose reasonable limits on cross-examination, premised on such concerns as prejudice, confusion, repetition, and relevance." United States v. Smith, 451 F.3d 209, 221 (4th Cir. 2006).

Our review of the record convinces us that there is no such abuse of discretion in this case. First, the court accurately characterized the line of questioning defense counsel wished to pursue as being "very far afield" from the scope of Burchett's testimony on direct examination. (J.A. 512). Furthermore, the proffered line of questioning was irrelevant to the issues in this case. We thus conclude that the court properly restricted defense counsel's cross-examination of Burchett. See Zayyad, 741 F.3d at 459-60 (noting propriety of

5

trial court limiting cross-examination to areas of relevance to the case and explaining this court's deference to district court's rulings on relevancy).

For these reasons, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>